# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CODY C. LEAVITT,           Plaintiff,<br><br>vs.<br><br>NEVADA DEPT. OF CORRECTIONS, *et al.*,           Defendants. | Case No. 2:13-cv-00654-JAD-GWF<br><br>**ORDER**<br><br>Application to Proceed in Forma Pauperis (#2) |

This matter comes before the Court on Plaintiff's Complaint and Application to Proceed in Forma Pauperis (#2), filed on May 6, 2013.

## DISCUSSION

### I.    Application to Proceed In Forma Pauperis

Plaintiff filed this instant action and attached a financial affidavit to his Application and Complaint as required by 28 U.S.C. § 1915(a). Having reviewed Plaintiff's financial affidavit under section 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. Therefore, Plaintiff's request to proceed in forma pauperis in federal court is granted

### II.   Screening the Complaint

Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint under section 1915(a). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under section 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of

the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

Plaintiff asserts a claim under 42 U.S.C. § 1983, alleging that Defendants violated Plaintiff's constitutional right of access to the courts. Specifically, Plaintiff claims the law library of his correctional facility, High Desert State Prison ("HDSP"), is inadequate because it lacks a copy of "local rules," Attorney General Opinions older than 50 years, and forms for various state writs, including writs for prohibition, quo warranto, coram vobis, ne exeat, audita querela, fieri facias, and ad prosequendum, among others. Plaintiff also claims that the lack of these resources caused a state criminal appeal and a "medical injunction" that was not filed in accordance with the local rules to be procedurally dismissed .

Prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). Such access can take the form of an adequate law library or adequate assistance from persons trained in the law. *Id.* at 828. A prisoner alleging that he was denied his constitutional right of access to the courts must establish: (1) that his ability to access the library was so limited

that it was unreasonable; and (2) that this limited access caused him actual injury. *Vandelft v. Moses*, 31 F.3d 794, 797 (9th Cir. 1994). Actual injury occurs when the inadequacy of court access frustrates the pursuit of a nonfrivolous claim. *Lewis v. Casey*, 518 U.S. 343, 352–53 (1996) (to state an access-to-courts claim, inmate must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded"). The injury requirement is only satisfied by the frustration of limited types of claims; specifically, hindered claims must be either direct appeals from the conviction underlying the incarceration, or claims under section 1983 to vindicate basic constitutional rights. *Id.* at 354.

Here, the Court finds that Plaintiff has not pled sufficient facts to establish that any inadequacies of HDSP's law library caused him actual injury. Plaintiff avers that a criminal appeal was procedurally dismissed, but he does not plead that the appeal was of the conviction underlying his incarceration. Neither does Plaintiff demonstrate how the lack of access to Attorney General Opinions, local rules, or forms of the state writs caused the dismissal of his appeal. Plaintiff also claims a "medical injunction" was denied because it was not filed in accordance with the local rules that were unavailable to him. Plaintiff does not, however, plead facts sufficient to establish that the "medical injunction" was the type of claim frustration of which can give rise to an access-to-the-courts claim–namely, a criminal appeal or section 1983 claim. Because Plaintiff has not pled sufficient facts to establish he suffered actual injury, the Court will dismiss his Complaint.

In the event Plaintiff elects to proceed in this matter by filing an amended complaint, he is informed that the Court cannot refer to a prior pleading to make his amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis (#1) is **granted**. Plaintiff shall not be required to pay the $400.00 filing fee.

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file Plaintiff's Complaint (Doc. #2 at 4-6).

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **dismissed** without prejudice for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **February 9, 2014** to file an amended complaint that cures the deficiencies noted in this Order.

### NOTICE

Under Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. Appeals may been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). Failure to file objections within the specified time or failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 13th day of January, 2014.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge