UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CODY C. LEAVITT, ) | |
|           Plaintiff, ) | Case No. 2:13-cv-00654-JAD-GWF |
| vs. ) | **FINDING AND** |
| NEVADA DEPT. OF CORRECTIONS, *et al.*, ) | **RECOMMENDATION** |
|           Defendants. ) | |

      This matter comes before the Court on Plaintiff's Notice of Cessation of Claims (#7), filed on February 7, 2014. The Court granted Plaintiff's Application (#2) to proceed in forma pauperis and dismissed Plaintiff's Complaint (#6) with leave to amend for failure to state a claim on January 13, 2014. *See Order, Doc. #5*. The Court ordered Plaintiff to file any curative amended complaint by February 9, 2014. *Id.* The Court also informed Plaintiff that any amended complaint must re-allege all facts and claims, as the Court cannot refer to previous complaints once an amended complaint is filed. *Id.*

      Plaintiff now asserts he was unable to access an adequate law library for the purposes of sufficiently amending his complaint, and therefore is "involuntarily" withdrawing his claims. Even were the Court to construe the instant Notice as an amended complaint again asserting a claim for inadequate access to the courts, as in the original Complaint, Plaintiff has not pled sufficient facts to proceed.

      Prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). Such access can take the form of an adequate law library or adequate assistance from persons trained in the law. *Id.* at 828. A prisoner alleging that he was denied his constitutional

right of access to the courts must establish: (1) that his ability to access the library was so limited that it was unreasonable; and (2) that this limited access caused him actual injury. *Vandelft v. Moses*, 31 F.3d 794, 797 (9th Cir. 1994). Actual injury occurs when the inadequacy of court access frustrates the pursuit of a nonfrivolous claim. *Lewis v. Casey*, 518 U.S. 343, 352–53 (1996) (to state an access-to-courts claim, inmate must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded"). The injury requirement is only satisfied by the frustration of limited types of claims; specifically, hindered claims must be either direct appeals from the conviction underlying the incarceration, or claims under section 1983 to vindicate basic constitutional rights. *Id.* at 354.

Here, Plaintiff's factual assertions are even more bare than those in his original Complaint. Plaintiff makes no allegations that any lack of access to his prison's law library frustrated a claim contemplated by *Lewis*. Indeed, Plaintiff makes no mention of any frustrated claims other than his pursuit of this action, which the Court has already found does not fall under *Lewis'* ambit. *See Order, Doc. #5* at 3:9-18. In light of Plaintiff's express desire to withdraw his claims, and because Plaintiff has not timely filed any amended complaint that cures the defects noted in his original Complaint, the Court will recommend that the Complaint be dismissed. Accordingly,

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Complaint (#6) be **dismissed** with prejudice.

## NOTICE

Under Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. Appeals may been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). Failure to file objections within the specified time or failure to properly address and brief

...
...
...
...

1  the objectionable issues waives the right to appeal the District Court's order and/or appeal factual
2  issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991);
3  *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).
4      DATED this 29th day of February, 2014.

*[signature: George Foley Jr.]*
GEORGE FOLEY, JR.
United States Magistrate Judge